### ROBINSON *v.* PHILADELPHIA & R. R. CO. and others.[1]

*(Circuit Court, E. D. Pennsylvania. 1886.)*

1. RAILROAD—MORTGAGE—FORECLOSURE SUITS—INTERROGATORIES.

Interrogatories filed in a foreclosure suit, instituted by mortgage bondholders of a railroad company, respecting the acts, plans, intentions, or papers of companies or organizations formed for the purpose of buying the road, should it be offered for sale, are irrelevant.

2. SAME—COMBINATIONS TO PURCHASE OR REORGANIZE.

Companies and organizations, when legal and proper, formed to buy and reorganize larger properties, such as a railroad, are to be promoted, because they are necessary to create competition, and prevent great sacrifice and loss.

[1] Reported by C. B. Taylor, Esq., of the Philadelphia bar.

3. EQUITY—EXAMINER—WITNESSES.

   Witnesses before an examiner will be compelled to answer, when it seems probable the testimony may be relevant; but care will be exercised to avoid unnecessary and improper inquiry into private affairs.

In Equity.   Motion for order to answer interrogatories.

*F. B. Gowen*, for the motion.

*Richard Dale, contra.*

BUTLER, J.   To avoid the danger of misunderstanding, and consequently of delay hereafter, in taking the testimony, it is necessary to state the reasons for refusing the order now asked for.   To determine whether the interrogatories propounded are relevant, the pleadings must be looked to.   It is thus found that two principal questions are raised to which the proposed testimony is directed: *First.* Did the required number of bondholders request the Fidelity Company to proceed, as provided for by the mortgage? *Second.* Was the suit instituted, and is it prosecuted, in good faith; that is, to enforce the rights of creditors, as asserted in the bill?   All evidence, circumstantial as well as direct, tending to shed light on either of these questions, is relevant.

The interrogatories addressed to Messrs. Cochran and Dickey, respecting the number of bonds deposited under a proposed scheme of reorganization, are irrelevant.   The answers could furnish no reliable information respecting either question.

The interrogatory addressed to Mr. Shipley, respecting the change in a proposed plan of reorganization, is liable to the same objection. In passing upon the questions whether the suit was brought and is prosecuted in good faith, and whether the plaintiffs are entitled to a decree of foreclosure, the court can have nothing to do with schemes of reorganization under a sale, or the subject of proposed purchasers. The same must be said respecting the interrogatory addressed to this witness in reference to Messrs. Welsh and Dickson, as members of a "board of reconstruction trustees."

The interrogatories addressed to Messrs. Bullitt and Thomas, respecting the alleged syndicate, its membership, papers, etc., and the interrogatory to Mr. Thomas, respecting a deposit of bonds, are also irrelevant.   We are unable to see how the answers could shed any light upon either of the questions raised by the pleadings.   That individuals having capital to invest should organize to purchase the property is reasonable, and probably accords with all past experience in similar cases; and that individuals and companies having rival interests should unite to obtain control is quite probable.   The right of creditors, however, to have the property sold in pursuance of the provisions of their mortgage cannot be affected by such combinations and schemes.   To infer that those who thus combine and propose to purchase or reorganize have procured the institution of the suit, and are conducting the proceedings under it, would be wholly unjustifiable.

Such an inference would tend to defeat the application for a sale in all cases. To show, therefore, that individuals or companies, having rival interests, have combined to purchase this property, who they are, and the terms on which they contemplate purchasing or reorganizing, is unimportant to the present inquiry.

In applications such as this (to compel witnesses before an examiner to answer) the court generally inclines towards the application, and requires an answer wherever it seems probable the testimony may be relevant. Care, however, must be exercised to avoid unnecessary and improper inquiry into private affairs, and especially in such cases as this, where the inquiry and exposure might tend, to some extent, to defeat the objects of a sale, by preventing the organization and preparation, in advance, necessary to create competition, and secure a just consideration, or price, for the property. Without such previous organizations and arrangements, great sacrifice and loss must attend all such sales. They are therefore to be promoted, rather than discouraged by unnecessary and improper exposure of their membership. Of course, we refer to lawful and proper organizations and preparations with a view to purchasing. With such as might be otherwise, however, we could have no concern at this time. The order is therefore denied.